May 30, 1996
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 96-1061

 UNITED STATES,

 Appellee,

 v.

 EMELIO SEVERINO-CANDELARIA,
 A/K/A JULIO,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Joseph L. Tauro, Chief U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Boudin and Lynch, Circuit Judges. 

 

Raymond E. Gillespie on brief for appellant. 
Donald K. Stern, United States Attorney, and Michael J. Pelgro, 
Assistant United States Attorney, on brief for appellee.

 

 

 Per Curiam. We have carefully reviewed defendant's 

appellate arguments, and, finding no merit in them, we affirm

the sentence imposed by the district court.

 Contrary to defendant's first argument, both the form

and the substance of the district court's findings adequately

support the two-level enhancement under USSG 3B1.1(c).

Specifically, the formal requirement of 18 U.S.C. 3553(c)

was satisfied by the district court's adoption of the

unambiguous and undisputed PSR. That report indicated that

defendant committed to and executed the sales by himself and

through others, supplied the drugs, and supervised or

directed at least one other person (e.g., "Anna" and Mota), 

so that defendant's role in the offense was properly

characterized as supervisory or managerial. See United 

States v. Schrader, 56 F.3d 288, 293-94 (1st Cir. 1996); 

United States v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993). 

 Further, we find no clear error in the district court's

rejection of defendant's claim for an extra reduction under

USSG 3E1.1(b)(2). Defendant only indicated a conditional

agreement to plead guilty some six months after his

arraignment and when the government was already prepared for

trial; he renounced the agreement that was subsequently

negotiated; and he did not enter his plea until some ten

months after arraignment. Those facts support the conclusion

that defendant's notification of intent to plead guilty was

 -3-

not "timely" for the purpose of 3E1.1(b)(2). See United 

States v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993).  

 Affirmed. See 1st Cir. Loc. R. 27.1. 

 -4-